08-20182.rr

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20182-CR-MARTINEZ/BROWN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RICKIE SCOTT WATSON,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This Cause is before the Court on the Defendant's Motion to Suppress Physical Evidence, filed April 27, 2009 [DE 15]. The Court has reviewed the Motion, the Supplement thereto, and the Response. Additionally, an evidentiary hearing was held on May 5, 2009, and this Court adopts the transcript of that hearing by reference herein.

### Facts and Discussion

Defendant moves to suppress a firearm which he maintains was obtained as a result of an impermissible search of an apartment in which he was present, while an arrest warrant was being executed on another occupant of the apartment. The Court finds that the Motion should be denied based on the factual findings and legal reasoning which the Court announced at the hearing and incorporates by reference, as well as that stated below.

The Court finds the testimony of Miami Police Department Detectives Jacobs and Ibarlucia to be credible with respect to Ms. Eddie having allowed them to enter the apartment voluntarily. To the extent that defense counsel claimed "surprise" by this testimony and an inability to counter it,

the Court notes that Defendant was present at the hearing and could have testified regarding the issue without suffering any prejudice, yet he did not. See Simmons v. United States, 390 U.S. 377 (1968) (finding it impermissible to use the defendant's testimony at suppression hearing against him at trial on the issue of guilt). The uncontroverted evidence was that Defendant was in a position where he would have been able to observe the officers' entry into the apartment and to hear any conversation that took place.

The Court further finds that once validly in the apartment, Detective Ibarlucia observed the weapon when Defendant reached to get Ms. Eddie's cellphone out of her purse. As such, the weapon was properly seized pursuant to the plain view exception to the warrant requirement. See United States v. Blum, 753 F.2d 999 (11th Cir. 1985)

### Recommendation

Based on the foregoing, it is respectfully recommended that the Defendant's Motion to Suppress Physical Evidence be **DENIED**.

The parties have five (5) days within which to serve and file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge for the Southern District of Florida. Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

**DONE AND ORDERED** this 6th day of May, 2009, at Miami, Florida.

STEPHEN T. BROWN
CHIEF U.S. MAGISTRATE JUDGE

cc:    Honorable Jose E. Martinez
       counsel of record