UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:09-20182-CR-MARTINEZ-BROWN

UNITED STATES OF AMERICA,

vs.

RICKIE SCOTT WATSON,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE BROWN'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge for a Report and Recommendation on Defendant's Motion to Suppress Physical Evidence (D.E. No. 15). Magistrate Judge Brown filed a Report and Recommendation (D.E. No. 23), recommending that Defendant's Motion to Suppress Physical Evidence be denied. Defendant has filed objections. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge Brown's Report and Recommendation present, and after careful consideration, the Court adopts Magistrate Judge Brown's Report and Recommendation.

Defendant filed a motion to suppress and a supplement to this motion to suppress, seeking to suppress the firearm and ammunition seized from an apartment on October 11, 2008. The firearm and ammunition were seized while another occupant of the apartment was being arrested pursuant to an arrest warrant. Magistrate Judge Brown conducted an evidentiary hearing on Defendant's motion on May 5, 2009. Based on the testimony presented at the hearing, Magistrate Judge Brown found the testimony of Miami Police Department Detectives Jacobs and Ibarlucea was credible with respect to the other occupant, Ms. Eddie, having allowed them to

enter the apartment voluntarily.  He also found that once inside the apartment Detective Ibarlucea observed the weapon on Defendant when Defendant reached to get Ms. Eddie's cell phone, and thus, "the weapon was properly seized pursuant to the plain view exception to the warrant requirement." (D.E. No. 23 at 2).

Defendant now objects, disputing Magistrate Judge Brown's credibility determinations and asking this Court to conduct a *de novo* evidentiary hearing.  The Court finds it unnecessary to conduct a *de novo* evidentiary hearing.  This Court finds, after review of the transcript of the evidentiary hearing, that Magistrate Judge Brown's factual findings and credibility determinations are supported by the record and that there is no reason to question Magistrate's Judge Brown's factual findings or credibility determinations.  *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir.1990) (finding that "*de novo* review does not require a new hearing of witness testimony, [however,] it does require independent consideration of factual issues based on the record.").  The Court briefly discusses each of Defendant's objections.

First, Defendant argues that a finding of consent is improper in this case because the issue of consent was raised for the first time at the evidentiary hearing and cannot be regarded as credible based upon when it was raised.  Defendant argues that none of the police reports or even the response to Defendant's motion to suppress raised this issue.  However, as Magistrate Judge Brown stated on the record at the evidentiary hearing, Detective Jacobs offered a reasonable explanation as to why consent was not mentioned in any of the police reports.  *See* (Tr. at 72). This was simply that Detective Jacobs did not need Ms. Eddie's consent and such consent was not relevant to Ms. Eddie's arrest. *See* (Tr. at 26).  The Court also does not find the need to question the credibility of the testimony regarding Ms. Eddie's consent simply because the

government did not mention it in their response to defendant's motion.  The government did argue that the firearm and ammunition were in plain view, which conformed with the testimony offered at the hearing and Magistrate Judge Brown's ruling. *See* (D.E. No. 19).  Thus, the Court rejects this objection.

Second, Defendant argues that Magistrate Judge Brown's finding of consent is improper because Detective Ibarlucea testified during his direct testimony that he and Detective Jacobs entered the apartment immediately and in his testimony he did not mention consent.  However, when Detective Ibarlucea was directly asked whether Detective Jacobs obtained Ms. Eddie's consent to enter the apartment, he stated that while he does not specifically remember what Detective Jacobs said to Ms. Eddie, Detective Jacobs always asked for consent before they entered a dwelling.  *See* (Tr. at 44).  Thus, the Court also rejects this objection.

Defendant also argues that Magistrate Judge Brown's finding of consent is wrong because the officers testified that they did not conduct a protective sweep of the apartment.  Defendant argues that this is a basic safety procedure and the only reason why the officers would testify that they did not conduct such a sweep would be "to distance themselves from a search of the entire apartment."  (D.E. No. 27 at 5).  The Court, however, finds this is merely conjecture and that the officers failure to follow certain safety procedures does not make them any less credible.

The Court also rejects Defendant's argument that Magistrate Judge Brown shifted the burden upon Defendant in finding that he could have testified to counter the police officers on consent.  Magistrate Judge Brown mentioned only that the Defendant could have testified in the suppression hearing in the context of addressing Defendant's argument that the "consent" issue

unfairly surprised him.[1]  In this case, Magistrate Judge Brown properly found that the Government met their burden of demonstrating the reasonableness of the search and seizure. Magistrate Judge Brown did not rely on Defendant's failure to testify in reaching this decision. Thus, it is hereby:

**ADJUDGED** that United States Magistrate Judge Brown's Report and Recommendation **(D.E. No. 23)** is **AFFIRMED** and **ADOPTED**.  Accordingly, it is

**ADJUDGED** that

Defendant's Motion to Suppress Physical Evidence (D.E. No. 15) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 12 day of May, 2009.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record
Magistrate Judge Brown

---

[1] The Court also notes on the issue of surprise that both Detective Jacobs and Ibarlucea were vigorously cross-examined by defense counsel on all of the alleged inconsistencies discussed in Defendant's objections.